IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**AARON SHANE HORNE,**

    **Plaintiff,**

v.         //     CIVIL ACTION NO. 1:15CV84
                             (Judge Keeley)

**LIGHTNING ENERGY SERVICES, LLC,**
a Delaware limited liability company,
**LIGHTNING TRUCKING SERVICES, LLC,**
a Delaware limited liability company,
**TRACY S. TURNER,**

    **Defendants.**

**MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S
MOTION TO DISMISS [DKT NO. 2] AND DENYING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 4]**

Pending before the Court is the motion to remand filed by the plaintiff, Aaron Shane Horne ("Horne"), and the motion to dismiss filed by the defendant, Tracy S. Turner ("Turner"). For the following reasons, the Court **DENIES** the motion to remand (Dkt. No. 4), **GRANTS** the motion to dismiss (Dkt. No. 2), and **DISMISSES** the case **WITH PREJUDICE**.

## BACKGROUND

Defendant Lightning Energy Services, LLC ("Lightning Energy") hired Horne as its Chief Operating Officer in November 2011. Lightning Energy subsequently placed Horne in operational control of Lightning Trucking Services, LLC ("Lightning Trucking"), an LLC of which Lightning Energy is the sole member (Dkt. No. 1-2 at 2). On January 14, 2013, Lightning Energy and Lightning Trucking terminated Horne's employment. Horne claims he is owed $36,000 in

**HORNE V. LIGHTNING ENERGY SERVICES, LLC**    1:15CV84

**MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S
MOTION TO DISMISS [DKT NO. 2] AND DENYING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 4]**

compensation from 2012 (Dkt. No. 1-2 at 2). The West Virginia Unemployment Compensation Commission ("WVUCC") reviewed Horne's termination and determined that he had not been terminated for good cause. At the direction of Turner, Lightning Energy and Lightning Trucking have continued to seek judicial review of the WVUCC's determination (Dkt. No. 1-2, at 3). Further, Horne contends that, after his termination, Turner reported him to law enforcement for embezzlement of assets and property of Lightning Energy and Lightning Trucking (Dkt. No. 1-2 at 3).

I.  **The First Action (No. 14-C-10-1)**

In January 2014, Horne filed suit in the Circuit Court of Harrison County, West Virginia, against Lightning Energy, Lightning Trucking, Charles Hamrick, August Schultes, and Turner, alleging abuse of process, defamation, and violation of the West Virginia Wage Payment and Collection Act ("WVWPCA"), W. Va. Code § 21-5-4(b). The defendants filed a motion for summary judgment as to all claims, and a motion to dismiss Turner for improper service of process.

On March 15, 2015, the Honorable John Lewis Marks, Jr., Circuit Court Judge, dismissed the motion for summary judgment as to the abuse of process claim, but granted the motion to dismiss and dismissed Turner with prejudice because Horne had not perfected

**HORNE V. LIGHTNING ENERGY SERVICES, LLC                    1:15CV84**

**MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S
MOTION TO DISMISS [DKT NO. 2] AND DENYING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 4]**

service upon Turner (Dkt. No. 2-2).[1] The trial as to the remaining defendants began on April 14, 2015, and concluded on April 22, 2015 with a jury verdict of no liability (Dkt. No. 1-5).

**II.  The Second Action (1:15CV84)**

On April 14, 2015, Horne filed a second lawsuit in the Circuit Court of Harrison County against Lightning Energy, Lightning Trucking, and Turner, alleging claims of defamation, abuse of process,[2] and a violation of the WVWPCA.  The complaint included an ad damnum clause, which stated that "[t]he total damages sought by the plaintiff inclusive of all interest, costs, attorney fees and punitive damages does not exceed $75,000.00." (Dkt. No. 1-2, at 4). On April 15, 2015, while Turner was waiting in the Harrison County Courthouse to testify in the first state court action, Horne's counsel served Turner with the summons and complaint in this case.

On May 15, 2015, the defendants filed a notice of removal, invoking this Court's diversity jurisdiction.  Horne is a citizen

---

[1] Horne contends that the dismissal "with prejudice" was in error, and is seeking amendment of the order in the circuit court to reflect dismissal of Turner "without prejudice" pursuant to Rule 4(k) of the West Virginia Rules of Civil Procedure (Dkt. No. 7 at 2).

[2] The defendants do not address the abuse of process claim (Dkt. No. 1-2 at 3, ¶¶ 12-14) in their motion to dismiss or reply (Dkt. No. 9).

3

**HORNE V. LIGHTNING ENERGY SERVICES, LLC**            **1:15CV84**

**MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S
MOTION TO DISMISS [DKT NO. 2] AND DENYING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 4]**

of West Virginia (Dkt. 2-1 at 1). Turner is a citizen of Texas (Dkt. No. 1 at 2). Lightning Trucking is a Delaware limited liability company whose sole member is Lightning Energy, which is also a Delaware limited liability company (Dkt. No. 1 at 2). In paragraph 10 of the notice of removal, Turner lists the members of Lightning Energy, asserting that "none . . . are citizens of West Virginia[.]" Turner, however, then states that "[d]efendant Lightning Energy . . . has a member who owns a minority interest and is a citizen of West Virginia." (Dkt. No. 1 at 2-3). Due to these seemingly contradictory statements, the Court ordered the defendants to clarify the citizenship of the parties (Dkt. No. 10). On August 3, 2015, the defendants clarified that none of the four LLCs that are members of Lightning Energy is a citizen of West Virginia,[3] but that an individual member, Charles Hamrick, owns a minority interest and is a citizen of West Virginia (Dkt. No. 11).

---

[3] The structure is as follows (Dkt. No. 11):
- Lightning Trucking has one member, Lightning Energy.
- Lightning Energy has five members: Lightning Funding, LLC, Global Development Co., LLC, Interra Holdings, LLC, Rockhound Oilfield Services, LLC, and Charles Hamrick.
- The four LLC members are not citizens of West Virginia. Charles Hamrick is a West Virginia citizen.
- Tracy Turner is a member of Interra Holdings, LLC (Dkt. No. 9 at 4).

**MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S
MOTION TO DISMISS [DKT NO. 2] AND DENYING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 4]**

On May 15, 2015, Turner filed a motion to dismiss, arguing that this action is identical to the first action from which he was dismissed with prejudice prior to trial, and which ultimately resulted in a jury verdict against Horne on all counts. On June 12, 2015, Horne filed a motion to remand, contending that he had limited the amount in controversy to $75,000 or less (Dkt. No. 4).[4] On July 17, 2015, the defendants responded, arguing that Horne had not successfully limited his recovery and that, more likely than not, were he to prevail in his suit, Horne would recover more than $75,000 (Dkt. No. 8).

Turner contends that if either Lightning Trucking or Lightning Energy has West Virginia citizenship due to Hamrick's minority interest, the citizenship of Lightning Trucking and Lightning Energy should be disregarded under the doctrine of fraudulent joinder because (1) Horne's defamation claim is barred by the statute of limitations, and (2) the same claims have been tried already, resulting in a verdict against Horne (Dkt. No. 11 at 2).

---

[4] It is generally improper for the Court to decide a Rule 12(b)(6) motion before ruling on a pending motion to remand. Stafford EMS, Inc. v. J.B. Hunt Transport., Inc., 270 F.Supp.2d 773, 774 (S.D.W. Va. 2003).

**HORNE V. LIGHTNING ENERGY SERVICES, LLC**               **1:15CV84**

**MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S
MOTION TO DISMISS [DKT NO. 2] AND DENYING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 4]**

**LEGAL STANDARD**

When an action is removed from state court, a federal district court must determine whether it has original jurisdiction over the plaintiff's claims. Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." Id. at 377, 114 S.Ct. at 1675.

Federal courts have original jurisdiction primarily over two types of cases, (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving diversity of citizenship under 28 U.S.C. § 1332. When a party seeks to remove a case based on diversity of citizenship under 28 U.S.C. § 1332, that party bears the burden of establishing "the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." 28 U.S.C. § 1332. Courts should resolve any doubt "about the propriety of removal in favor of retained state court jurisdiction." Marshall v. Manville Sales Corp., 6 F.3d 229, 232-33 (4th Cir. 1993).

The doctrine of fraudulent joinder is a narrow exception to the complete diversity requirement. Jackson v. Allstate Ins. Co., 132 F.Supp.2d 432, 433 (N.D.W. Va. 2000) (Broadwater, J.). If the

**HORNE V. LIGHTNING ENERGY SERVICES, LLC**                    **1:15CV84**

**MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S
MOTION TO DISMISS [DKT NO. 2] AND DENYING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 4]**

doctrine applies, the Court can exercise removal jurisdiction even though a non-diverse party is a defendant. Id. (citing Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999)). The Court can disregard the citizenship of and dismiss the non-diverse defendant, thereby retaining jurisdiction over the case. Mayes, 198 F.3d at 461.

The removing party bears the "heavy burden of showing that there is no possibility of establishing a cause of action against [a] non-diverse party" by clear and convincing evidence. Jackson, 132 F.Supp.2d at 433 (citing Hartley v. CSX Transp. Inc., 187 F.3d 422, 424 (4th Cir. 1999)); Clutter v. Consolidation Coal Co., No. 1:14CV9, 2014 WL 1479199, at *4 (N.D.W. Va. Apr. 15, 2014) (Stamp, J.). In the alternative, the removing party can establish that "there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Pritt v. Republican Nat. Committee, 1 F.Supp.2d 590, 592 (S.D.W. Va. 1998). "[F]raudulent joinder claims are subject to a rather black-and-white analysis in this circuit. Any shades of gray are resolved in favor of remand." Adkins v. Consolidation Coal Co., 856 F.Supp.2d 817, 820 (S.D.W. Va. 2012).

The Court must resolve all issues of fact and law in the plaintiff's favor, but, in doing so, "is not bound by the allegations of the pleadings." Marshall, 6 F.3d at 232-33; AIDS

7

**HORNE V. LIGHTNING ENERGY SERVICES, LLC**                  **1:15CV84**

**MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S
MOTION TO DISMISS [DKT NO. 2] AND DENYING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 4]**

Counseling and Testing Ctrs. v. Grp. W Television, Inc., 903 F.3d 1000, 1004 (4th Cir. 1990). Instead, the Court can consider "the entire record, and determine the basis of joinder by any means available." AIDS Counseling, 903 F.3d at 1004 (quoting Dodd v. Fawcett Publ'ns, Inc., 329 F.2d 82, 85 (10th Cir. 1964)). The standard for fraudulent joinder is more favorable to the plaintiff than the standard for a Rule 12(b)(6) motion to dismiss. Mayes, 198 F.3d at 464.

When ruling on a motion to remand based on fraudulent joinder, the Court cannot consider post-removal filings "to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." Griggs v. State Farm Lloyds, 181 F.3d 695, 700 (5th Cir. 1999). A plaintiff cannot "'re-plead the complaint [after removal] in an attempt to divest this court of jurisdiction by hindsight.'" McCoy v. Norfolk S. Ry. Co., 858 F.Supp.2d 639, 642 n. 1 (S.D.W. Va. 2012) (quoting Justice v. Branch Banking & Trust Co., No. 2:08-230, 2009 WL 853993, at *7 (S.D.W. Va. Mar. 24, 2009)). The Court must determine removal jurisdiction "on the basis of the state court complaint at the time of removal, and . . . a plaintiff cannot defeat removal by amending it." Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 265 (5th Cir. 1995). Nonetheless, "if at any time before final

**HORNE V. LIGHTNING ENERGY SERVICES, LLC**                              **1:15CV84**

**MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S
MOTION TO DISMISS [DKT NO. 2] AND DENYING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 4]**

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## ANALYSIS

According to the defendants, if the Court finds that either Lightning Trucking or Lightning Energy is a West Virginia citizen due to Hamrick's minority interest in Lightning Energy, it should disregard the citizenship of the LLCs under the doctrine of fraudulent joinder because Horne's defamation claim is barred by the statute of limitations, and "because the . . . same claims asserted in the instant lawsuit were previously tried against [Lightning Energy and Lightning Trucking] and resulted in a verdict of no liability." (Dkt. No. 11 at 2).

I.  **Citizenship of the Defendant LLCs**

Pursuant to 28 U.S.C. § 1332, a federal district court has original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1). Generally, § 1332 requires complete diversity among parties, which means that the citizenship of all defendants must be different from the citizenship of all plaintiffs. See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472-73 (1996). For the purposes of diversity

9

**HORNE V. LIGHTNING ENERGY SERVICES, LLC**                   **1:15CV84**

**MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S
MOTION TO DISMISS [DKT NO. 2] AND DENYING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 4]**

jurisdiction, the citizenship of a limited liability company is determined by the citizenship of <u>all</u> of its members, regardless of the characterization of that membership. <u>Gen. Tech. Applications, Inc. v. Exro Ltda</u>, 388 F.3d 114, 121 (4th Cir. 2004) (emphasis added); <u>see, e.g.</u>, <u>Carden v. Arkoma, Assocs.</u>, 494 U.S. 185, 192, 110 S.Ct. 1015, 1019 (1990) ("We have never held that an artificial entity, suing or being sued in its own name, can invoke the diversity jurisdiction of the federal courts based on the citizenship of <u>some</u> but not <u>all</u> of its members.") (emphasis added); <u>Fadal Machining Ctrs., LLC v. Mid-Atl. CNC, Inc.</u>, 464 F. App'x 672, 673-74 (9th Cir. 2012) (holding that the characterization of a membership as being a minority interest is irrelevant when determining citizenship, as citizenship is determined by <u>all</u> members).

The defendants admit that Charles Hamrick, a West Virginia citizen, is a member of Lightning Energy. Regardless of how minor Hamrick's interest is, the citizenship of an LLC is determined by the citizenship of <u>all</u> of its members. Lightning Energy is the sole member of Lightning Trucking. Accordingly, both Lightning Energy and Lightning Trucking are West Virginia citizens for the purposes of diversity jurisdiction. The Court therefore is bound

10

**HORNE V. LIGHTNING ENERGY SERVICES, LLC         1:15CV84**

**MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S
MOTION TO DISMISS [DKT NO. 2] AND DENYING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 4]**

to remand the case unless the doctrine of fraudulent joinder applies. See Mayes, 198 F.3d at 464.

## II. Fraudulent Joinder

The defendants argue that the Court should disregard the West Virginia citizenship of Lightning Energy and Lightning Trucking under the doctrine of fraudulent joinder (Dkt. No. 1 at 3). First, the defendants argue that Horne's defamation claim is barred by the statute of limitations. Second, they contend that res judicata precludes Horne from bringing his claims based on his prior action against the defendants in West Virginia court.

### A. Statute of Limitations

Under West Virginia law, a statute of limitations begins running when the right to sue accrues. See Syl. pt. 1, Jones v. Trustees of Bethany College, 351 S.E.2d 183 (W. Va. 1986). "An action for defamation is subject to a one-year statute of limitations under W. Va. Code, 55-2-12 [1959]." Garrison v. Herbert J. Thomas Mem'l Hosp. Ass'n, 438 S.E.2d 6, 13 (W. Va. 1993) (citations omitted) (emphasis in original). "[I]n defamation actions, the period of the statute of limitations begins to run when the fact of the defamation becomes known, or reasonably should have become known, to the plaintiff." Padon v. Sears, Roebuck &

11

**HORNE V. LIGHTNING ENERGY SERVICES, LLC                1:15CV84**

**MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S
MOTION TO DISMISS [DKT NO. 2] AND DENYING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 4]**

Co., 411 S.E.2d 245, 248 (W. Va. 1991) (adopting the "discovery rule" for defamation claims).

In West Virginia, however, "[t]he Legislature has enacted a savings statute providing that a lawsuit in which the initial pleading was timely filed that is subsequently dismissed for any reason not based upon the merits of the case, may be refiled within one year." Cava v. National Union Fire Ins. Co. of Pittsburgh, Pa., 753 S.E.2d 1, 8-9 (W. Va. 2013) (citations omitted). The savings statute, in part, states:

> Extension of period for new action after dismissal or reversal where the action is timely filed[:]
> (a) For a period of one year from the date of an order dismissing an action or reversing a judgment, a party may refile the action if the initial pleading was timely filed and: (i) the action was involuntarily dismissed for any reason not based upon the merits of the action; or (ii) the judgment was reversed on a ground which does not preclude a filing of new action for the same cause.

W. Va. Code § 55-2-18. Subsection (b) of W. Va. Code § 55-2-18 states that, for the purposes of subsection (a), "a dismissal not based upon the merits of the action includes, but is not limited to . . . a dismissal for failure to have process timely served, whether or not the party is notified by the court of the pending dismissal." W. Va. Code § 55-2-18(b). "W. Va. Code § 55-2-18(a) is a highly remedial statute that should be liberally construed to allow a party who has filed a timely action to have their case

**HORNE V. LIGHTNING ENERGY SERVICES, LLC**                    **1:15CV84**

**MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S
MOTION TO DISMISS [DKT NO. 2] AND DENYING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 4]**

decided on the merits." Cava, 753 S.E.2d at 8-9 (quoting Employer Fire Ins. Co. v. Biser, 242 S.E.2d 708 (W. Va. 1978)).

Applying the West Virginia savings statute to this case, Horne filed his first complaint on January 8, 2014 (Dkt. No. 7 at 4), in which he alleged that Turner had "reported to law enforcement authorities in Harrison County, West Virginia, that the plaintiff had engaged in unlawful conduct including, but not limited to, the embezzlement of assets and/or property of the [defendants]." (Dkt. No. 2-1 at 5). There is no dispute that Horne timely filed his initial defamation claim in state court.

Turner was dismissed from the suit on March 25, 2015, for lack of service, which was not a dismissal on the merits. W. Va. Code § 55-2-18(b). Horne subsequently served Turner with the second complaint on April 15, 2015. Consequently, pursuant to W. Va. Code § 55-2-18(a), Horne was able to re-file his defamation claim until March 25, 2016. Horne's defamation claim is not time-barred, and the Court declines to dismiss it on that basis.

    **B.   Res Judicata**

The doctrine of res judicata precludes relitigation of the same claim. See Sattler v. Bailey, 400 S.E.2d 220, 225 (W. Va. 1990). Under res judicata, "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies

13

**HORNE V. LIGHTNING ENERGY SERVICES, LLC                      1:15CV84**

**MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S
MOTION TO DISMISS [DKT NO. 2] AND DENYING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 4]**

based on the same cause of action." Porter v. McPherson, 479 S.E.2d 668, 676 (W. Va. 1996) (quoting Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326, n. 5, 99 S.Ct. 645, 649 (1979)).

Under West Virginia law, res judicata is comprised of three elements:

> First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syl. pt. 4, Blake v. Charleston Area Medical Center, Inc., 498 S.E.2d 41, 44 (W. Va. 1997).

### i.   Final Adjudication on the Merits

Turner must first establish that there was a final adjudication on the merits by a court having jurisdiction. "A final decision [is one] that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 86, 121 S.Ct. 513, 519-20 (2000) (internal citations omitted). "An erroneous ruling of the court will not prevent the matter from being *res judicata*." Syl. pt. 1, Conley v. Spillers, 301 S.E.2d 216, 217 (W. Va. 1983) (emphasis in original). Furthermore, "[i]t is not essential that

**HORNE V. LIGHTNING ENERGY SERVICES, LLC**　　　　　　　　**1:15CV84**

**MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S
MOTION TO DISMISS [DKT NO. 2] AND DENYING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 4]**

the matter should have been formally put in issue in a former suit, but it is sufficient that the *status* of the suit was such that the parties might have had the matter disposed of on its merits." Blake, 498 S.E.2d at 48 (internal quotations omitted) (emphasis in original).

It is undisputed that there was a final judgment on the merits in the first action by a court having jurisdiction of the proceedings. Horne's claims were litigated in the Circuit Court of Harrison County, and at the end of trial, the jury returned a verdict against him on all counts (Dkt. No. 1-5 at 1-2).

### ii. Cause of Action

Turner must also establish that the cause of action identified for resolution in the instant suit is identical to the cause of action in the prior litigation. See Blake 498 S.E.2d at 44. A "cause of action" is "the fact or facts which establish or give rise to a right of action, the existence of which affords a party a right to judicial relief." Id. at 48. "The test to determine if the . . . cause of action involved in the two suits is identical is to inquire whether the same evidence would support both actions or issues." Id. If the two cases require substantially different evidence to sustain them, the second cannot be said to be the same cause of action and barred by res judicata." Id.; see also Slider

15

**HORNE V. LIGHTNING ENERGY SERVICES, LLC**  1:15CV84

**MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S
MOTION TO DISMISS [DKT NO. 2] AND DENYING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 4]**

v. State Farm Mut. Auto. Ins. Co., 557 S.E.2d 883, 888 (W. Va. 2001) (when the claims are not identical, courts must apply the "same evidence" test to determine "whether two claims should be deemed to be the same for purposes of claim preclusion.").

Here, Horne's alleged causes of action are virtually identical. Both complaints allege: (1) abuse of process, (2) defamation, and (3) violation of W. Va. § 21-5-4(b) (Dkt. Nos. 1-2; 2-1). In the first complaint, Horne asserts that the "decision of the defendants, including, but not limited to, the individual defendant, Charles Hamrick, is being done with a malicious purpose and is an abuse of the legal process." (Dkt. No. 2-1 at 4). In the second complaint, Horne similarly asserts that the "decision of the defendants, including, but not limited to, the individual defendant, Tracy S. Turner, is being done with a malicious purpose and is an abuse of the legal process." (Dkt. No. 1-2 at 3). This claim, and the others, are nearly identical in both form and substance, with mere omissions and substitutions of names. The prayer for relief in both complaints is also virtually identical, beyond the addition of requests for "[c]ompensation for unpaid wages" and "[j]udicial determination that the plaintiff is the owner of an equity interest in one or both of the limited liability

16

**HORNE V. LIGHTNING ENERGY SERVICES, LLC** 1:15CV84

**MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S
MOTION TO DISMISS [DKT NO. 2] AND DENYING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 4]**

company defendants."[5] Furthermore, the facts alleged in both complaints are virtually identical, with no substantive changes beyond the removal or substitution of references to Charles Hamrick and August Schultes, defendants from the first action.

These are the precise issues and facts on which Horne received a jury verdict of no liability in the first action, and as such, Turner has satisfied the second element of res judicata.

### iii. Same Party or their Privies

Finally, the state court action must have involved the same parties, or persons in privity with those parties. "Privity is not established . . . from the mere facts that persons may happen to be interested in the same question or in proving the same facts." State v. Miller, 459 S.E.2d 114, 124 (W. Va. 1995) (citations omitted). Rather, "the key consideration for its existence is the sharing of the same legal right by the parties allegedly in privity, so as to ensure that the interest of the party <u>against whom</u> preclusion is asserted have been adequately represented." West Virginia Human Rights Comm'n v. Esquire Grp., Inc., 618 S.E.2d 463, 469 (W. Va. 2005) (emphasis added).

---

[5] In the first action, the jury delivered a verdict that included a finding that Horne was not entitled to an ownership interest in Lightning Energy (Dkt. No. 1-5 at 1).

17

**HORNE V. LIGHTNING ENERGY SERVICES, LLC**                    1:15CV84

**MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S
MOTION TO DISMISS [DKT NO. 2] AND DENYING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 4]**

Privity "is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the res judicata." Rowe v. Grapevine Corp., 527 S.E.2d 814, 826 (W. Va. 1999) (citations omitted). Virtual representation is a variety of privity that "precludes relitigation of any issue that [has] once been adequately tried by a person sharing a substantial identity of interests with a nonparty." Galanos v. Nat'l Steel Corp., 358 S.E.2d 452, 454 (1987). "[T]he privity concept is fairly elastic under West Virginia law, as elsewhere." Gribben v. Kirk, 466 S.E.2d 147, 157 n. 21 (W. Va. 1995).

As an initial matter, defendants Lightning Energy and Lightning Trucking are named in both complaints in identical capacities, and as such are bound as the same parties from the prior action. Esquire Grp., 618 S.E.2d at 469. The remaining defendant, Turner, was not a party in the first action at the time of the jury verdict, having been dismissed for lack of service of process. He has, however, satisfied the primary concern on which the privity requirement focuses, fairness towards the party against whom res judicata is raised. Horne was a party to the first action and received a full opportunity to litigate these same claims.

18

**HORNE V. LIGHTNING ENERGY SERVICES, LLC**  1:15CV84

**MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S
MOTION TO DISMISS [DKT NO. 2] AND DENYING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 4]**

Furthermore, Turner has such significant interest of identity with Lightning Trucking and Lightning Energy as to trigger virtual representation. Galanos v. Nat'l Steel Corp., 358 S.E.2d at 454. As alleged by Horne in both actions, Turner was the "manager and/or director of the defendant, Lightning Energy Services, LLC, and at all times relevant hereto was a principal decision maker of the defendant, Lightning Trucking Services, LLC." Turner shares a substantial identity of interest with August Schultes and Charles Hamrick, as the claims alleged against these parties all arose out of the same factual circumstance, that is, their roles as managers, directors, or principal decision makers of the respective LLCs. Additionally, the same legal interests defended in the prior litigation by Lightning Energy and Lightning Trucking have been implicated in this action. The nature of the claims, seeking unpaid wages stemming from Horne's termination, indicates that Horne is seeking recovery from Turner in his capacity as a representative or member of the LLCs. This matter was resolved in the prior action, and furthermore, there has been no divergence in legal interests between this action and the prior action.

Accordingly, Turner was in privity with the defendants from the prior action. Horne's claims therefore are barred by the principles of res judicata. Horne has no possibility of recovery

19

**HORNE V. LIGHTNING ENERGY SERVICES, LLC**                    1:15CV84

**MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S
MOTION TO DISMISS [DKT NO. 2] AND DENYING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 4]**

against any of the named defendants, who have invoked the doctrine of fraudulent joinder. <u>Jackson</u>, 132 F.Supp.2d at 433 (citations omitted). Based on that, the Court therefore **GRANTS** Turner's motion to dismiss and **DISMISSES** this case **WITH PREJUDICE.**

## CONCLUSION

For the reasons discussed, the Court **DENIES** the plaintiff's motion to remand (Dkt. No. 4), **GRANTS** the defendant's motion to dismiss (Dkt. No. 2), and **DISMISSES** this case **WITH PREJUDICE**.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: August 12, 2015.

/s/ Irene M. Keeley  
IRENE M. KEELEY  
UNITED STATES DISTRICT JUDGE